Our fifth case is number 2016-90, the United States v. Andrew McHaney. Good afternoon, Ms. Armour. We'll begin with you. Good afternoon. May it please the court, counsel. My name is Molly Armour. I represent Andrew McHaney in this appeal. And the issue before the court is whether Hobbs Act robbery, which contains statutory tax relating to nonviolent actions, such as threats against property, can constitutionally serve as a predicate offense under 18 section 924C's force clause. Your review here is de novo. And we recognize that this court's precedent makes some of our arguments challenging. Yet our position here is that the cases of Anglin, Armour, and subsequent cases, none of those address the concerns that we have raised here. The issues here are with the statutory text of 1951 and have not yet been reconciled by this court, specifically the issue of fear of future injury and injury to property. I will focus my argument here on property because I think it's just the easiest to conceptualize. The cases that I really think are predominant in this circuit on these issues, and I recognize that both Judges Hamilton and Judge Rovner, I believe, presided over some of these matters. Anglin relies heavily on Armour in reaching its conclusion that Hobbs Act robbery is a crime of violence. And in Anglin, there's an issue with that because Armour dealt with section 2113 federal bank robbery, I'm sorry, dealt with Indiana bank robbery and contains no reference to property harm. Anglin also construed cases, Duncan and Lewis in the circuit, Duncan talked about placing a person in fear of bodily injury and Lewis talked about a fear of physical injury. And again, Armour talks about it in a 4B1.2 context, which I think is helpful, but we know, and also from the prior case, there are some mismatched elements, issues here. It does not have fear of harm to property, immediate or future, is one of the elements, it was not construed, and a victim's fear of bodily harm, the case held, is necessary to fear of violent physical force. But neither one of those cases answers the whole problem of injury to property. And that is a provision that by the plain language is included in Hobbs Act robbery. We have to begin with a categorical approach. We look at the statutory definition, the emphasis is on the elements of the offense, it's been interpreted as requiring strong physical force or violent force, that is, as the Curtis Johnson case mentioned, force capable of causing physical pain or injury to another person. That language strongly implies that such force is limited to its application to a person. Howard? Can I ask you, has the Hobbs Act been used to deal with non-physical injury to property, as in, for example, the briefs talk about the possibility of the use of malware or ransomware for computers, has the Hobbs Act actually been used in such cases? I am not aware of cases in which it has been applied in this way. I know that we have to look about, look, and when we do this analysis, about whether there's a realistic probability of these situations coming to pass. And my response to that would be, that's a very easy fix. The government could simply clarify that they do not, would not, will not utilize this provision to prosecute Hobbs Act robbery against threats to property. The government has made no delineation here, and I think that that means that it falls within the fair ambit of this potential, of the potential of prosecution. I believe in our opening brief, we cited to an argument in another circuit where the United States basically asserted, we're not saying that this has to do with injury to property. They were trying to make a hard line distinction on that. And I think that was because they were trying to save that under the 4B1.2 analysis. But we don't have a clear statement here. And as a criminal defense attorney, that means our clients are at risk of prosecution because that has not been foreclosed. Whether or not it has been advanced yet, I think as we increasingly get into, well situated in the internet age, I think we can really envision applications of this that could apply to intangible property. I offered that suggestion. I've been thinking a lot also about a hypothetical involving revenge porn, something that someone threatens to release unless an action is taken. Money is- It's pretty clear. I thought we were pretty clear though that reputational damage is not covered by that object. Well, with regard to that example, I think that what I was concerned about was not necessarily personal reputational harm, but like a concept that could harm a property. What if that person who was threatened had a business and that business was homeschooling? In that context, that business, that real property could be harmed by the release of that. And I don't want to go too far down the rabbit hole, but I do think there are applications that could fairly be put. I also think this is really based on the plain language. Habs Act has that property within it, that language about threats to property. And so I think we can't fairly rule that out of a criminal statute. I think that's embedded within it. And I have not found any analysis that talks about how we would handle a threat to property in this analysis. Property has no body. What is the degree of force required for injury to property? Is it mere property damage? What is the quantum of force? What is that language that we are using to analyze that? What is violent force? When it is applied against property, we have no boundaries. We have no way to analyze that, which I think ekes a little bit into our concerns about broad potential harm and vagueness. Threats to property do not necessarily create a threat to the person. And I know that that has been an argument that has been discussed in numerous cases. Nor does it require proximity. And while I certainly recognize this court's precedent, discussing Habs Act robbery, I do not think that this clause has ever been construed. And I do not think it's merely hypothetical. I see that I have just about two minutes remaining. So if there aren't further questions from me at this moment, I will reserve the rest of my time for rebuttal. OK, very well. Mr. Bond, we'll turn to you. Thank you, Your Honors. May it please the court, Aaron Bond on behalf of the United States. May I start you right off? Sure. Yes, Your Honor. What about the example of malware that siphons off customer data from a company's website and then threatens to shut the website down and thus the company's business if they are stopped? Could those criminals be charged with Habs Act robbery? And if so, where is the violence in that type of theft? Your Honor, let me turn, as I answer that question, I'll turn to the, that seems to fall under the physical property aspect that was being brought up by counsel and brought up in the briefs. Before I can specifically answer that, with regards to the specific hypothetical, if I could just get out with regards to property, Your Honor, it is the government's position that Habs Act robbery involving force or threat of force against property still involves the use or threatened use of physical force. The only difference is that the force is directed to property as opposed to person, and it is the property that suffers the physical injury, even though the threat is made to the possessor of that property. If we're looking to counsel's example with regards to the malware, the injury, as I can read that hypothetical, the injury would be to the, the customer, excuse me, one second, I just want to look back at the hypothetical. The injury, the property in this case, it would seem to be, would be the customer data. Uh, the, you know, there, there's obviously clearly nothing on point in this circuit or anywhere else that I could find with regards to that, but I think what would remain is that that, that would still be physical property. I may suggest actually that the description of violence, I'm sorry, Judge, it wouldn't be subject to violent physical force. No, Your Honor, what I would contend is actually the hypothetical presented by counsel is probably more, possibly more in lines with extortion than it is robbery. Again, what we're looking at in that hypothetical is you're describing an individual who runs malicious, parasitic software, siphoning off customer data from a company's website, and they threaten to shut down the website if they are stopped and exposed. So what that presents is that there is consent from the company because they have the ability to stop or expose this individual, but they're not doing so because they're being threatened. The problem is in that hypothetical, there's no physical force. Do you, are you aware of instances or cases in which the government has used the Hobbs Act to prosecute such conduct? We have not, Your Honor, and I think if we are to, we're not aware of any cases that have been used by the government to prosecute hypotheticals such as that with regards to- There are plenty of other statutes that deal with, in essence, damage to computer systems, and you only use those to prosecute. Sure, and I think the computer system itself, that is physical property. It is being damaged by the malware. It's being damaged by the malicious software. So there is physical damage. It's not necessarily in the traditional taking someone, say someone takes my cell phone and smashes it or cracks it and physically damages the property in that sense, but there is damage to that malware or damage to that software. There is, again, the malware damages it, the malicious software damages it. Your contention is that the Hobbs Act reaches those cases. You've got a problem here. We're not necessarily making that contention, Judge. I'm simply pointing out that that could be the case. I do not see or am I aware of any sort of Hobbs Act prosecution following that route. What I would point to, though, if we're talking about the hypotheticals, Your Honor, it is the government's position that hypotheticals, as laid out, for instance, by counsel, they really are of little utility in showing that the predicate crime of Hobbs Act can be committed without the use of physical force. A defendant has to point to his or her own case or other actual cases in which the courts applied the statute in a manner that resulted in a conviction, even though physical force was not used by the defendant. The defendant has to show a realistic probability, not just a theoretical possibility, that the statute, in this case Hobbs Act, was applied to the conduct that does not constitute a crime of violence. I don't think that's the case here. I think this, again, is a very theoretical concept brought forth by a defendant. It does not apply to what we're seeing here. If I could also touch on counsel's other argument in regards to fear of future injury. The defendant maintains that one can commit Hobbs Act robbery without the use or threatened use of force because of the reference in the statutory definition to a future fear of injury. It is our contention that that is incorrect and it's contrary to this court's case law. As this court has explained in both Anglin and Rivera and other cases, in the ordinary case, Hobbs Act robbery involves placing a person in fear through an explicit or implicit threat of physical force. But 924C's elements clause places no temporal limitation as to when that threatened force will occur. Even if the injury itself is in the future, the threat of physical force is in the present. And this, the court's held, means that it's a crime of violence under the elements clause. So we did want to touch on that in addition to the issues with regards to property. Your Honors, the court and the government's opinion has held time and again in Anglin and Rivera, most recently in US v. Brown, that Hobbs Act robbery satisfies the definition and closely tracks the statutory language of a crime of violence. Your Honors are very aware of the definition of Hobbs Act robbery, taking a personal property by means of actual threatened force or violence for fear of injury in the immediate future to that person or property. This court's recognized that Hobbs Act robbery qualifies under 924C's elements clause because one cannot commit Hobbs Act robbery without using or threatening force. There is nothing in US v. Davis either that would justify overruling the precedent of this court, since Davis simply holds that the residual clause is unconstitutional. Your Honors, we see nothing in the record here to warrant moving on, moving away from that precedent. We believe that to move on and create a circuit split is not justified. We think that the 924C conviction in this case is sound and should stand. Your Honors, if there are no additional questions, I would just conclude and add that we would state that we think the defendant's arguments do not give good reason to reconsider precedent in this case. The conviction is sound and for all the above stated reasons that we've stated here today, we'd respectfully request that Your Honors affirm the judgment of the district court in this case. Thank you very much. Okay. Thank you, Mr. Bond. Ms. Armour, you got about two minutes. Thank you. Just to briefly address the divisibility of the statute, we believed a fair reading of Section 1951 under the robbery provision could incorporate the hypothetical that we proposed, even though it could also be charged under extortion. I believe that the United States Attorney's Office is a creative adversary that uses all available tools at its disposable when it is necessary. I can't just because there's another opportunity under computer fraud or other kinds of statutes to criminalize a specific set of behaviors does not mean that that tool will not be used by the government as long as it remains on the books and as long as it is permissible. I think that there was an analysis in the Second Circuit case of Hill that talked about a hypothetical saying something along the lines of, like, that's a nice car. It would be a shame if you weren't able to drive it. And that phrase was trying to imply this idea of a physical threat to a person as it relates to a car, right? It's talking about the property, but there's this implication of physical injury to a person. And I think that it's very easy to conceptualize how this property offense could occur because all you have to do is say, that's a really nice car, and I hope nothing would happen to it, right? So it's a threat to this property unless someone takes some kind of action. And so I think that there is a way within the statute to see how this could manifest that doesn't feel like it is outside of our norm or our world in the criminal context. We believe that this precludes the application of this as a predicate offense for 18 U.S.C. 924C under the Force Clause, that the Property Clause is a real phrase that must be construed, and its presence there makes the application of Hobbs Act bribery to 924C unconstitutional. Thank you. Okay, very well. Thanks to both parties. We'll take the case under advisement and move.